**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| PERCY FOREMAN, | § | |
| (a/k/a Larry Foreman) | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-10-3216 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

The petitioner, Percy Foreman, seeks habeas corpus relief under 28 U.S.C. § 2254. The threshold issue is whether this petition is subject to dismissal as successive. Based on the record and the applicable law, this court dismisses this successive petition for lack of jurisdiction.

## I.     Background

Foreman challenges his state-court conviction for sexual assault of a child. (Cause Number 772040, in the 337th Judicial District Court of Harris County, Texas.). On November 19, 2004, Foreman filed a federal petition for a writ of habeas corpus, Civil Action Number 4:04-4454, collaterally attacking this same conviction. On August 10, 2005, the federal court denied Foreman's claims on the merits. On December 7, 2005, the United States Court of Appeals for the Fifth Circuit dismissed Foreman's appeal for lack of jurisdiction.

Foreman filed the present case on September 3, 2010. He challenges the same conviction for sexual assault of a child. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, pp. 7-8).

A district court may raise on its own the question of whether a habeas corpus petition is successive. *Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997). A successive application is

governed by the amendments to the AEDPA requiring that the appellate court authorize the district court to consider the application before it is filed in the district court. Title 28 U.S.C. § 2244(b)(3)(A) (1998) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." There is no indication in the record that the United States Court of Appeals for the Fifth Circuit has authorized this court to consider Foreman's successive application. This court therefore lacks jurisdiction to consider this habeas motion.

Foreman's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed for lack of jurisdiction. Foreman's motion to proceed as a pauper, (Docket Entry No. 2), is granted. All remaining pending motions are denied as moot.

A certificate of appealability is denied. A certificate requires a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). A petitioner makes a substantial showing when he demonstrates that his petition involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000). When the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its

procedural ruling. *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack,* 529 U.S. at

484). Foreman has not made the necessary showing.

SIGNED on October 13, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge